**AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P., Appellant,**

v.

**NATIONAL DEVELOPMENT AND RESEARCH CORPORATION and Robert E. Tang, Appellees.**

No. 05–06–01024–CV.

Court of Appeals of Texas, Dallas.

April 27, 2010.

Corbet F. Bryant, Richardson, TX, Jeffrey S. Levinger, Hankinson Levinger LLP, Christopher John Scanlan, Thomas F. Allen, Jr., Carrington, Coleman, Sloman & Blumental, LLP, Dallas, TX, for Appellant.

David W. Shuford, Law Office of David Shuford, Michael L. Jones, Henry L. Jones, Henry & Jones, L.L.P., Dallas, TX, for Appellees.

Before Chief Justice WRIGHT and Justices RICHTER and SMITH.[1]

## OPINION ON REMAND

Opinion By Justice SMITH (Assigned).

This is an appeal from a jury verdict in a legal malpractice lawsuit filed by appellees National Development and Research Corporation and Robert E. Tang against appellant Akin, Gump, Strauss, Hauer & Feld, L.L.P. The jury found Akin Gump negligent and the trial court rendered judgment requiring Akin Gump to pay appellees actual damages and prejudgment interest totaling $1,117,369.72, based on the jury's awards of (1) $427,777.77 for the fair market value of certain stock, (2) $168,667.41 for the judgment paid by appellees in the underlying lawsuit, (3) $216,590.00 for attorneys' fees and expenses paid by appellees in the underlying lawsuit, and (4) $109,596.68 for a success fee owed to appellees. Akin Gump appealed the damages awards for the fair market value of the stock, attorneys' fees and expenses, and the success fee owed to appellees. By opinion dated August 29, 2007, we affirmed the damages awards for the value of the stock and the success fee. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 232 S.W.3d 883, 894, 899 (Tex.App.-Dallas 2007), *rev'd,* 299 S.W.3d 106 (Tex.2009). With regard to the damages award for attorneys' fees and expenses, we concluded, based on this Court's binding precedent, that attorneys' fees and expenses paid by appellees in the underlying lawsuit were not recoverable as damages in a subsequent legal malpractice lawsuit and reversed that damages award. *Id.* at 897.

Both parties filed petitions for review in the Texas Supreme Court. The supreme court reversed this Court's judgment and rendered judgment that appellees take nothing on their claims for the fair market value of the stock and the success fee. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 112–19, 124 (Tex.2009). It also held that attorneys' fees and expenses incurred in an underlying lawsuit are recoverable as damages in a subsequent legal malpractice lawsuit and reversed our judgment and remanded the cause to this

1. The Honorable Bea Ann Smith, Justice, Court of Appeals, Third District of Texas at Austin, Retired, sitting by assignment.

Court for further proceedings. *Id.* at 119–22, 124.

On remand, the parties have filed a joint motion for rendition of judgment and dismissal of the appeal stating they have settled all their disputes in this case. Citing rule of appellate procedure 42.1(a)(2)(A), the parties ask the Court to:

(1) render a take-nothing judgment;

(2) dismiss the appeal;

(3) discharge the obligations of The Hartford Casualty Insurance Company as surety on Akin Gump's supersedeas bond; and

(4) provide that each party shall bear its own costs of court.

We grant the parties' motion, and, in accordance with their agreement, render judgment that appellees take nothing by their claims and dismiss the appeal. *See* Tex.R.App. P. 42.1(a)(2)(A). We discharge the obligations of the surety and order that each party shall bear its own costs of court.